UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BERNARD CARTER,

        Plaintiff,

    -against-

LOGAN BUS CO., INC., LITTLE RICHIE
BUS SERVICE INC., LORINDA
ENTERPRISES, LTD., GRANDPA'S BUS
CO., INC., LORISSA BUS SERVICE INC.,
LITTLE LINDA BUS CO., INC., LITTLE
LISA BUS CO., INC., and LORINDA
LOGAN,

        Defendants.

Case No.:


**COMPLAINT**


**DEMAND FOR JURY TRIAL**


Plaintiff BERNARD CARTER ("Plaintiff"), by and through his attorneys, SERRINS FISHER LLP, alleges against Defendants LOGAN BUS CO., INC. ("Logan"), LITTLE RICHIE BUS SERVICE INC. ("Richie"), LORINDA ENTERPRISES, LTD. ("Lorinda"), GRANDPA'S BUS CO., INC. ("Grandpa's"), LORISSA BUS SERVICE INC. ("Lorissa"), LITTLE LINDA BUS CO., INC. ("Linda"), LITTLE LISA BUS CO., INC. ("Lisa") (collectively, the "Corporate Defendants") and LORINDA LOGAN ("Logan" or the "Individual Defendant") (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State and City Law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.    Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## NATURE OF THE ACTION

3.    Plaintiff brings this action pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"); New York State Human Rights Law, Executive Law § 290 *et seq.* ("Human Rights Law,") and the Administrative Code of the City of New York § 8-101 *et seq.* ("City Law") based upon the following acts and/or omissions which Defendants committed intentionally and willfully, with knowledge that they were violating federal and state laws and that Plaintiff would be economically injured:

i.    Defendants' interference of Plaintiff's exercise of FMLA rights;

ii.    Defendants' retaliatory termination of Plaintiff based on his exercise of FMLA rights;

iii.    Defendants' discriminatory termination of Plaintiff on the basis of his disability/record of disability, in violation of the Human Rights Law and City Law; and

iv.    Defendants' retaliatory termination of Plaintiff because he requested a reasonable accommodation for his disability, in violation of the Human Rights Law and City Law.

4.    Legal relief is sought pursuant to the FMLA, Human Rights Law and the City Law.

2

## PROCEDURAL REQUIREMENTS

5.   Pursuant to §8-502(c) of the City Law, Plaintiff shall serve a copy of this Complaint on the City of New York Commission on Human Rights and the Corporation Counsel of the City of New York within ten (10) days of filing this Complaint.

## THE PARTIES
### *Plaintiff Carter*

6.   Plaintiff Carter is an adult individual residing in the County of Bronx in the State of New York.

7.   From on or about October 2007 until February 2015, Defendants employed Plaintiff as a bus driver.

8.   Plaintiff was at all times material hereto an "eligible employee" within the meaning of the FMLA in that he had been continuously employed by Defendants and had worked more than 1,250 hours during the twelve months preceding his request for leave.

9.   Plaintiff was at all times material hereto an "individual" within the meaning of the Human Rights Law, protected from discrimination on the basis of disability.

10.   Plaintiff was at all times material hereto a "person" within the meaning of the City Law, protected from discrimination on the basis of disability.

### *Defendants*

11.   Logan is a domestic business corporation with principal offices located at 9714 Atlantic Avenue, Ozone Park, New York 11416.

12.   Richie is a domestic business corporation with principal offices located at 9714 Atlantic Avenue, Ozone Park, New York 11416.

13.   Lorinda is a domestic business corporation with principal offices located at 9714 Atlantic Avenue, Ozone Park, New York 11416.

3

14. Lorissa is a domestic business corporation with principal offices located at 9714 Atlantic Avenue, Ozone Park, New York 11416.

15. Grandpa's is a domestic business corporation with principal offices located at 9714 Atlantic Avenue, Ozone Park, New York 11416.

16. Lisa is a domestic business corporation with principal offices located at 9714 Atlantic Avenue, Ozone Park, New York 11416.

17. Linda is a domestic business corporation with principal offices located at 9714 Atlantic Avenue, Ozone Park, New York 11416.

18. Corporate Defendants provide pupil transportation for the City of New York and its environs.

19. Corporate Defendants all operated as Plaintiff's employer and are jointly and severally liable for all claims herein.

20. Corporate Defendants operate out of the same business location, share employees and equipment, and implement the same employee policies.

21. Upon information and belief, Corporate Defendants are owned and managed by the same individuals, including Defendant Logan.

22. Defendant Logan is personally liable for the acts alleged herein insofar as she had the power to hire and fire Plaintiff, control the terms and conditions of his employment, and determine the rate and method of any compensation in exchange for his employment.

23. At all relevant times hereto, Defendants engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year, and accordingly is an "employer" within the definition of the FMLA.

4

24. At all relevant times hereto, Defendants have continuously been doing business in the State of New York and the City of New York, and have continuously employed four (4) or more employees, and accordingly is an "employer" within the definition of the Human Rights Law and City Law.

## FACTUAL ALLEGATIONS

25. Plaintiff began working for Defendants as a bus driver in October 2007.

26. In that capacity, he exhibited good work ethic and reliability, and consistently received positive feedback regarding his work performance.

27. Plaintiff regularly worked Monday to Friday from 6:00 a.m. until 9:30 a.m. and then 1:45 p.m. until 4:30 p.m.

28. On some occasions, Plaintiff also worked during his break between 9:30 a.m. and 1:45 p.m. depending on Defendants' needs.

29. In 2014, Plaintiff transported children attending summer school and therefore worked most of the summer.

30. In or about mid-February 2015, Plaintiff began experiencing severe pain in his back, limited range of motion, weakness, and numbness for which he sought medical treatment.

31. At the same time, he was also experiencing shortness of breath and palpitations. He was diagnosed with two unrelated illnesses – radiculopathy and a heart condition – which resulted in a period of incapacity for more than three consecutive days.

32. These conditions also necessitated multiple doctor visits within the first 30 days of Plaintiff's incapacitation and therefore constituted a serious health condition under the FMLA.

5

33. In or about the mid to late February, Plaintiff took medical leave due to his back and heart conditions.

34. He consistently apprised his supervisor, Jesus Aroyo, about his whereabouts and need for time off.

35. Plaintiff was met with hostility and intimidation and told that Defendants could not guarantee he would have a position given his disabilities and absences (however limited).

36. Defendants failed to present Plaintiff with any paperwork regarding his right to take FMLA leave or disability leave.

37. On or about April 16, 2015, while Plaintiff remained out of work since mid to late February 2015, due to his disabilities, Plaintiff learned at a doctor's appointment that his medical insurance had been cancelled.

38. When Plaintiff contacted his insurance carrier, he was advised that he had been terminated from his employment with Defendants at the end of February 2015, unbeknownst to him.

39. Plaintiff's sudden termination due to his disability and leave of absence was unlawful.

40. Defendants' adverse treatment of Plaintiff was motivated by discrimination against Plaintiff's disability and retaliation as a result of Plaintiff exercising his FMLA rights and requesting a reasonable accommodation under City Law and Human Rights Law.

41. Defendants' actions were intentional and in reckless disregard for the health and well-being of Plaintiff. As a proximate result of these actions, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of

personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation, harm to his reputation and loss of wages and benefits.

## FIRST CLAIM FOR RELIEF
### (FMLA Retaliation)

42. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

43. By the acts and practices described above, Defendants retaliated against Plaintiff for exercising his right to take leave pursuant to the FMLA.

44. Defendants knew that their actions were unlawful or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

45. Plaintiff has suffered and will continue to suffer irreparable injury and monetary damages as a proximate result of Defendants' unlawful acts of retaliation, unless and until this Court grants the relief sought herein.

## SECOND CLAIM FOR RELIEF
### (FMLA Interference)

46. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

47. By the acts and practices described above, Defendants interfered with and/or restrained or denied Plaintiff's rights pursuant to the FMLA.

48. Defendants knew that their actions were unlawful or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

49. Plaintiff has suffered and will continue to suffer irreparable injury and monetary damages as a proximate result of Defendants' unlawful acts of retaliation, unless and until this Court grants the relief sought herein.

7

## THIRD CLAIM FOR RELIEF
### (Discriminatory Termination
### On the Basis of Disability
### In Violation of Human Rights Law)

50.  Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

51.  By the acts and practices described above, Defendants discriminated against Plaintiff by terminating his employment on the basis of his disability, in violation of Human Rights Law.

52.  Defendants knew that its actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

53.  Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

## FOURTH CLAIM FOR RELIEF
### (Discriminatory Termination
### On the Basis of Disability
### In Violation of City Law)

54.  Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

55.  By the acts and practices described above, Defendants discriminated against Plaintiff by terminating his employment on the basis of his disability, in violation of City Law.

56.  Defendants knew that its actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

8

57. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

**FIFTH CLAIM FOR RELIEF**
**(Retaliatory Termination**
**On the Basis of Disability**
**In Violation of Human Rights Law)**

58. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

59. By the acts and practices described above, Defendants retaliated against Plaintiff by terminating his employment because he requested a reasonable accommodation, in violation of Human Rights Law.

60. Defendants knew that its actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

61. Defendants engaged in a practice that would dissuade a reasonable employee to refrain from requesting a reasonable accommodation.

62. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

## SIXTH CLAIM FOR RELIEF
### (Retaliatory Termination
### On the Basis of Disability
### In Violation of City Law)

63. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

64. By the acts and practices described above, Defendants retaliated against Plaintiff by terminating his employment because he requested a reasonable accommodation, in violation of City Law.

65. Defendants knew that its actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

66. Defendants engaged in a practice that would dissuade a reasonable employee to refrain from requesting a reasonable accommodation.

67. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants awarding:

A. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory and retaliatory conduct;

B. Prejudgment Interest;

C. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory and retalitory acts and practices of Defendants;

10

D. Plaintiff's costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims for relief to which he has a right

to a jury trial.

Dated: September 9, 2015
        New York, New York

Respectfully submitted,

Liane Fisher
Michael Taubenfeld
SERRINS FISHER LLP
233 Broadway, Suite 2340
New York, New York 10279
Phone: (212) 571-0700
*ATTORNEYS FOR PLAINTIFF*

11