UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------- x
BERNARD CARTER,

    Plaintiff,

-against-

LOGAN BUS CO., INC, LITTLE
RICHIE BUS SERVICE INC.,
LORINDA ENTERPRISES, LTD.,
GRANDPA'S BUS CO., INC.,
LORISSA BUS SERVICE INC.,
LITTLE LINDA BUS CO., INC.,
LITTLE LISA BUS CO., INC., and
LORINDA LOGAN,

    Defendants.
----------------------------------------------- x

**MEMORANDUM & ORDER**

15 Civ. 5217 (ENV) (JO)

VITALIANO, D.J.

  Plaintiff Bernard Carter brought this action alleging that defendants discriminated against him on the basis of his disability and for his use of medical leave, and subjected him to retaliation, in violation of, *inter alia*, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"). Am. Compl., ECF No. 22. The parties are presently conducting discovery under the able supervision of Magistrate Judge James Orenstein. After plaintiff moved to compel certain discovery responses, Magistrate Judge Orenstein held a status conference, at which time he heard oral argument on the motion to compel. He granted the motion in part. Minute Entry, ECF No. 21; *see* Hr'g Tr., ECF No. 25. Defendants now move to appeal portions of that discovery order. Defs. Mot., ECF No. 26. For the reasons that follow, the order is affirmed.

1

## Background

The discovery requests at issue are (1) plaintiff's Interrogatory No. 11, as amended, which seeks the identity of all employees terminated between 2012 and 2015, who took FMLA or medical leave within six months of their termination, and (2) plaintiff's Document Request No. 4, as amended, which seeks all documents concerning the employees identified in Interrogatory No. 11. Defs. Mem. at 2, ECF No. 26-1; *see* Pl. Mem. at 3, ECF No. 27; Mot. to Compel at 2, ECF No. 19.[1]

In opposition to the motion, defendants argued that these requests were overbroad, burdensome, and not relevant, on the ground that discovery concerning terminated employees who did not also complain of discrimination "did not relate to the issues in this case." Def. Mot. to Compel Opp. at 2, ECF No. 20. At oral argument, Magistrate Judge Orenstein rejected their argument and also chastised defense counsel for basing the claim of burden on speculation. Hr'g Tr. 4:17-8:13, 12:22-14:8. This appeal followed.

## Legal Standard

Generally, "magistrate judges have broad discretion in resolving nondispositive matters . . . ." *Gorman v. Polar Electro, Inc.*, 137 F. Supp. 2d 223, 226 (E.D.N.Y. 2001). A district court may only set aside a magistrate judge's order on a nondispositive matter if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Rathgaber v. Town of Oyster Bay*, 492 F. Supp. 2d 130, 137 (E.D.N.Y. 2007)

---

[1] Defendants initially included plaintiff's Document Request No. 5 in their appeal, but noted in their reply that, in fact, Magistrate Judge Orenstein had ruled in their favor on that request for documents concerning the positions and wages of all employees who took FMLA leave. Defs. Reply Mem. at 5 n.2, ECF No. 28; Hr'g Tr. 8:21-9:10.

(quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)). The Supreme Court has emphasized that such an order can only be found to be "clearly erroneous" when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542, 92 L. Ed. 746 (1948).

## Discussion

Defendants claim that it was error to order discovery concerning other employees because plaintiff has not alleged either a pattern or practice or a disparate impact theory of discrimination. Defs. Mem. at 6-8.[2] Defendants also submit an affidavit alleging, for the first time, that responding to Interrogatory No. 11 would require over 3 months, 450 employee hours, and $30,000 in labor costs, because they do not maintain any electronic data to facilitate a search. Defs. Mem. at 9-10; Reece Aff. ¶¶ 2-7, ECF No. 26-2.

But, countervailing these arguments, in employment discrimination cases, "liberal civil discovery rules give plaintiffs broad access to employers' records." *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 657, 109 S. Ct. 2115, 2125, 104 L. Ed. 2d 733 (1989), *superseded by statute on other grounds*, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1074. "Evidence relating to company-wide practices may reveal patterns of discrimination against a group of employees, increasing the likelihood that an employer's offered explanation for an employment decision regarding a particular individual masks a discriminatory motive." *Moll v. Telesector Res. Grp., Inc.*, 760 F.3d 198, 204 (2d Cir. 2014) (quoting *Hollander v. Am. Cyanamid Co.* 895 F.2d 80, 84 (2d Cir. 1990)). By way of example, in *Hollander*, the Second

---

[2] Defendants do not raise any dispute concerning the proposed time periods, *see* Hr'g Tr. 13:6-13, nor do they complain of the request for "all" documents.

3

Circuit found no error in permitting discovery concerning employees in the plaintiff's protected category who were terminated within a certain time period, as well as the reasons for their terminations. *Hollander*, 895 F.2d at 84-85. If such discovery "uncover[ed] a pattern of [employees in the protected category] leaving [the defendant] under unexplained circumstances," such evidence, "might help prove [the plaintiff's] claim that [the defendant's] explanation for his discharge was pretextual." *Id.* at 85.

Magistrate Judge Orenstein was, therefore, well within the bounds of his discretion when he ordered discovery concerning employees who, like plaintiff, were fired within six months of taking FMLA or medical leave. Defendants seem to confuse pattern-or-practice discrimination claims, which are not at issue in this case, *see Reynolds v. Barrett*, 685 F.3d 193, 202 (2d Cir. 2012), with the routine use of circumstantial evidence of a pattern of discrimination to support an individual disparate treatment claim, *see Hollander*, 895 F.2d at 84-85. Defendants also rely on cases where company-wide discovery was deemed irrelevant to a specific supervisor's biased acts. *See* Def. Mem. at 7 (citing *Sinni v. Forest Hills Hosp.*, No. 09 Civ. 4572 (SLT), 2011 WL 1004817, at *3 (E.D.N.Y. Mar. 18, 2011); *Bellinger v. Astrue*, No. 06 Civ. 321 (CBA) (SMG), 2010 WL 1268063, at *1 (E.D.N.Y. Apr. 2, 2010)). In contrast, Carter alleges that the company failed to inform him of his right to take FMLA and disability leave, and terminated him without notice in the midst of his medical treatment. As in *Hollander*, evidence that other employees were similarly treated is a proper area for discovery.

Concerning defendants' claim of burden, "Rule 72(a) precludes the district court from considering factual evidence that was not presented to the magistrate judge." *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013). Defendants disingenuously claim that the facts supporting undue burden were

raised to Magistrate Judge Orenstein through counsel's statement that the client "is going to have to go through every single file of terminated employees to determine this." Def. Reply Mem. at 2 (quoting Hr'g Tr. 7:1-3). In fact, counsel admitted to Magistrate Judge Orenstein that this statement was pure speculation that he "would have to inquire [about]" and "look into" to confirm. Hr'g Tr. 6:25-8:14. Defendants may not now supplement the record with an affidavit to cure their past reliance on speculation properly rejected by Magistrate Judge Orenstein. In any event, to the extent defendants' recordkeeping practices make it difficult to determine which of a limited number of their own employees took FMLA or medical leave, an employer may not take advantage of "self-made" burdens. *Sasikumar v. Brooklyn Hosp. Ctr.*, No. 09 Civ. 5632 (ENV) (RML), 2011 WL 1642585, at *3 (E.D.N.Y. May 2, 2011).

## Conclusion

Finding that the order of Magistrate Judge James Orenstein requiring discovery concerning employees terminated after taking FMLA or medical leave to be neither clearly erroneous nor contrary to law, that order is affirmed and the appeal is dismissed.

So Ordered.

Dated: Brooklyn, New York
September 19, 2016

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge